### GAUSS v. SCHRADER.

*(Circuit Court, S. D. Illinois. May, 1881.)*

BANKRUPTCY—PARTNERSHIP AND INDIVIDUAL DEBTS.

    A partnership being unable to pay a note upon which it became liable by a partnership indorsement, its members signed, as individuals, an agreement with the creditor for an extension of time, agreeing to convey to him before the expiration thereof certain lands, which were to be sold, and any excess after payment of the debt turned over to the partners. *Held,* that the agreement merely provided a security for the original partnership debt, and on the subsequent bankruptcy of the firm and its members the debt was provable against the partnership, and not against the individuals.

In Bankruptcy. On appeal from the decision of the district court that the plaintiff's claim was provable against the partnership, and not against the estate of a partner.

  *W. C. Kueffner,* for creditor.

  *F. A. McConaughy,* for assignee.

DRUMMOND, J. Moritz J. Dobschutz and Joseph Abend were partners in business, and became indebted to the plaintiff on their own note, as makers, for $4,500, upon which some payments were made, leaving about $3,000 due, and on two notes given by Jackson & Browson of $3,000 each, and indorsed by Dobschutz & Abend. The latter became bankrupts as partners and as individuals, a decree in bankruptcy was rendered against them, and an assignee appointed; and the plaintiff claims the indebtedness on the two notes which the bankrupts had indorsed was provable against the separate estate of Dobschutz. The district court decided that it was a partnership debt, and was provable, not against the separate, but against the partnership, estate. From this de-

cision Gauss has appealed to this court, and in conformity with the statute has filed a statement of the case in the nature of a declaration, to which a demurrer has been interposed by the assignee; and the question in the case is whether the decision of the district court is right, or whether it is competent for the plaintiff to prove his claim against the individual estate of Dobschutz. The controversy mainly grows out of a contract which was made between Dobschutz and Abend and the plaintiff on the 13th of August, 1875. It seems that the bankrupts at that time were not able to pay the amount that was due to the plaintiff, either on the note of which they were the makers or on those on which they were the indorsers; and the plaintiff was willing to extend the time of payment for two years, provided security were given him. There seems to be no controversy that the indebtedness on all these notes of the bankrupts to the plaintiff was a partnership indebtedness; that is inferable from the statements contained in the declaration. The contract between the parties referred to was under seal, and signed by each of them individually. It set forth that the plaintiff held these notes against the bankrupts, and it admitted that the bankrupts were responsible as well on the notes which they had indorsed as on that of which they were the makers, and it then proceeded to state that in consideration of this, and to secure the plaintiff against loss, the bankrupts agreed to convey to the plaintiff, on or before two years from the date of the agreement, certain real estate which was described. By the contract the plaintiff agreed to wait for two years on the bankrupts, and to give them that time to find a purchaser for the property, and when the property was sold he was to receive enough to pay whatever was due to him, and turn over the balance to the bankrupts. The declaration alleges that this conveyance was never made to the plaintiff. It makes no claim for any debt due on the note of $4,500, but only for the amount due on the other two notes; and it alleges that by this contract Dobschutz and Abend bound themselves individually as well as jointly, and not as partners or in their partnership name, for payment of the two $3,000 notes.

It will be seen that the agreement to convey the land was not for the purpose of payment, and if conveyed it would not have operated as such, but only as security for the payment of the indebtedness, so that the effect of the failure of the bankrupts was simply that they did not give the security which they agreed to give. The result was that the plaintiff thus gave time to the bankrupts, and the character of the debt remained unchanged. It was still a partnership debt due from the bankrupts to him. It becomes, therefore, a question of importance in this case, in view of the partnership and separate assets of the bankrupts and of the rights of their creditors, to determine whether it is equitable for the plaintiff, as against other individual creditors of Dobschutz, to prove his claim against him. We have to look at the case upon general principles of equity, and not as to the mere technical right of the plaintiff. It is true that this agreement between the parties was signed by Dobschutz and Abend individually, and there might be a

technical liability against them for not giving the security which they had agreed to give; but, as has been already said, that did not change the character of the principal indebtedness, and did not make it an individual debt instead of a partnership debt. The theory of the declaration is in accordance with this view. It does not proceed upon a possible technical liability against the bankrupts individually, but upon the original indebtedness on the two indorsed notes. The declaration alleges that, while the bankrupts did not make the conveyance which they had agreed, it would have been useless if they had, because the property which was the subject of the agreement was incumbered to its full value, and therefore would not in any event have been available as a security to the plaintiff.

Looking at this case in its general scope and bearing, as it appears by the facts set forth in the declaration, and considering the various equities of the individual creditors of Dobschutz, and the character of the debt due to the plaintiff, I think that the decision of the district court was right; and that the plaintiff ought not to be permitted to prove the claim set forth in the declaration against the individual estate of Dobschutz, and therefore that the demurrer to the declaration must be sustained.