## JERSEY CITY AND BERGEN RAILROAD COMPANY *v.* MORGAN.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW JERSEY.

No. 97. Submitted December 2, 1895. — Decided December 23, 1895.

In an action brought in a state court against a railroad company for ejecting the plaintiff from a car, the defence was that a silver coin, offered by him in payment of his fare, was so abraded as to be no longer legal tender. The Supreme Court of the State, after referring to the Congressional legislation on the subject, held that, "so long as a genuine silver coin is worn only by natural abrasion, is not appreciably diminished in weight, and retains the appearance of a coin duly issued from the mint, it is a legal tender for its original value." The railroad company, although denying the plaintiff's claim, set up no right under any statute of the United States in reference to the effect of the reduction in weight of silver coin by natural abrasion. Judgment being given for plaintiff, the railroad company sued out a writ of error for its review. *Held*, that this court was without jurisdiction.

This was an action of trespass brought by James E. Morgan against the Jersey City and Bergen Railroad Company in the Circuit Court of Hudson County, New Jersey, to recover damages for his ejection from a street car of the company by the conductor thereof. The defendant pleaded the general issue and a special plea of *molliter manus imposuit* in defence of possession, to which plaintiff filed a replication *de injuria*. Issues were joined accordingly. There was verdict and judgment for plaintiff, which was affirmed on error by the Supreme Court, 52 N. J. Law, 60; that judgment was affirmed by the Court of Errors and Appeals for the reasons given by the court below, Id. 558; the record remitted to the Supreme Court; and this writ of error allowed.

The facts were that the company was running a horse car railroad in certain streets of Jersey City; that plaintiff and his

wife entered one of the cars, and, after riding a short distance, plaintiff handed to the conductor a ten cent piece, which was the requisite amount for two fares, but the conductor refused to receive the coin because it was worn smooth. Plaintiff protested, paid his wife's fare of five cents, and, on refusal to pay for himself with any other money than the dime he had offered, was ejected from the car. Thereupon this action was brought. The foregoing facts were proven, and, as stated by the Supreme Court, the coin was shown to the jury, and it did not appear in the evidence to have been so worn that it was light in weight or not distinguishable as a genuine dime; nor was it defaced, cut, or mutilated, but only made smooth by constant and long continued handling while being circulated as part of the national currency. At the close of the evidence, defendant's counsel asked the court "to direct the jury to bring in a verdict for defendant on the ground that the coin was not a current coin, one that was not mutilated, a perfect coin, one that is worth its face value." The trial judge remarked: "It is not mutilated in the ordinary sense. Mutilation implies the taking away of some part. It is not mutilated in the ordinary sense of the term; a portion of it is gone only by use, by currency, and that happens to any coin after it has passed through numerous hands. How soon after use, such use as the government intends—how soon does the coin cease to be coin? I have looked into the statutes and am unable to find any limitation upon the legal tender character of silver coin; there is an express limitation on the gold coin, and that is when its circulation has resulted in the loss of one-half of one per cent of its standard weight for 20 years of circulation. But that limitation does not extend to silver coin, and the provision of the statutes is that silver coin shall be lawful tender so long as it remains lawful money of the country;" and overruled the motion to direct the verdict for the defendant, who excepted. The judge charged the jury, among other things, as follows: "The first question to decide is whether the plaintiff tendered his lawful fare. He tendered this ten cent piece, a genuine and recognizable coin of the

United States, and that was his lawful fare, provided you believe that the coin is in the condition in which it was when issued from the mint, except as it has been changed by proper use. If there has been no other abrasion, no other wearing away, no other defacement of that coin, except such as it has received in passing from hand to hand, then it is still, under the laws of the country, a good ten cent piece, and was the fare of the plaintiff. If you think it has been otherwise changed, wilfully changed, by being rubbed or in any other way, why, then, it has ceased to be a lawful coin of the country; it has ceased to be lawful tender. This distinction rests upon the idea that the government issues this coin for circulation, and if the government does not choose to put any limit upon the circulation it shall receive it continues to be legal tender just as long as it is circulating and receiving only such injury as circulation gives. Every piece of money that passes through our hands is to some extent abraded thereby, and the government knows and expects that its coin will be abraded, will be worn, and will be in that way defaced, and the government does not withdraw coin that is only defaced in that way; it is still a legal tender. But if anybody chooses to resort to any other means of defacement, then the government does not any longer sanction that coin. But so long as it is only defaced by lawful use, this coin remains good current coin and lawful tender for all debts. Now if you believe that is the character of this ten cent piece, then this plaintiff lawfully tendered his fare. If you do not believe it is of that sort, then plaintiff did not lawfully tender his fare."

To this portion of the charge defendant excepted.

The following are sections of the Revised Statutes:

"SEC. 3505. Any gold coins of the United States, if reduced in weight by natural abrasion not more than one-half of one per centum below the standard weight prescribed by law, after a circulation of twenty years, as shown by the date of coinage, and at a ratable proportion for any period less than twenty years, shall be received at their nominal value by the United States Treasury and its offices, under such regulations as the Secretary of the Treasury may prescribe for the

protection of the government against fraudulent abrasion or other practices."

" Sec. 3511. The gold coins of the United States shall be a one dollar piece, which, at the standard weight of twenty-five and eight tenths grains, shall be the unit of value; a quarter eagle, or two and a half dollar piece; a three dollar piece; a half eagle, or five dollar piece; an eagle, or ten dollar piece; and a double eagle, or twenty dollar piece.   And the standard weight of the gold dollar shall be twenty-five and eight tenths grains ; of the quarter eagle, or two and a half dollar piece, sixty-four and a half grains; of the three dollar piece, seventy-seven and four tenths grains; of the half eagle, or five dollar piece, one hundred and twenty-nine grains; of the eagle, or ten dollar piece, two hundred and fifty-eight grains; of the double eagle, or twenty dollar piece, five hundred and sixteen grains."

[Section 3513 enumerates the dime or ten cent piece among the silver coins of the United States.]

" Sec. 3585. The gold coins of the United States shall be a legal tender in all payments at their nominal value when not below the standard weight and limit of tolerance, provided by law for the single piece, and, when reduced in weight below such standard and tolerance, shall be a legal tender at valuation in proportion to their actual weight."

" Sec. 3586. The silver coins of the United States shall be a legal tender at their nominal value for any amount not exceeding five dollars in any one payment."

The first and third sections of the act of June 9, 1879, c. 12, 21 Stat. 7, are as follows:  .

" That the holder of any of the silver coins of the United States of smaller denominations than one dollar, may, on presentation of the same in sums of twenty dollars, or any multiple thereof, at the office of the Treasurer or any assistant treasurer of the United States, receive therefor lawful money of the United States."

" Sec. 3. That the present silver coins of the United States of smaller denominations than one dollar shall hereafter be a legal tender in all sums not exceeding ten dollars in full payment of all dues, public and private."

*Mr. A. Q. Garretson* for plaintiff in error.

*Mr. Thomas J. Kennedy* for defendant in error.

Mr. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

The Supreme Court of New Jersey, after referring to the legislation of Congress above quoted, said: "This particularity in the limitation and allowance as to gold coin, is not found in the case of natural abrasion in silver coin. This difference is very noticeable and important in a question of statutory construction and legislative intention. It seems by these statutes, that so long as a genuine silver coin is worn only by natural abrasion, is not appreciably diminished in weight, and retains the appearance of a coin duly issued from the mint, it is a legal tender for its original value. *United States* v. *Lissner*, 12 Fed. Rep. 840." The instructions of the trial court were, therefore, sustained and the judgment affirmed.

By section 709 of the Revised Statutes a final judgment or decree in any suit in the highest court of a State in which a decision could be had, may be reëxamined and reversed or affirmed in this court upon a writ of error, where, among other things, "any title, right, privilege, or immunity is claimed under the Constitution, or any treaty or statute of, or commission held or authority exercised under, the United States, and the decision is against the title, right, privilege, or immunity specially set up or claimed, by either party, under such Constitution, treaty, statute, commission, or authority." Neither in defendant's pleadings, nor in the motion to direct the jury to find for defendant, nor in the objection and exception to the instructions, was any such right specially set up or claimed. The claim which defendant now states it relied on is that the coin in question was not legal tender under the laws of the United States. This, however, is only a denial of the claim by plaintiff that the coin was such, and as, upon the facts determined by the verdict, the state courts so adjudged,

the decision was in favor of and not against the right thus claimed under the laws of the United States, if such a right could be treated as involved on this record, and this court has no jurisdiction to review it. *Missouri* v. *Andriano*, 138 U. S. 496, and cases cited. And, although denying plaintiff's claim, defendant did not pretend to set up any right it had under any statute of the United States in reference to the effect of reduction in weight of silver coin by natural abrasion.

No other ground of jurisdiction under section 709 is suggested, and this is insufficient to maintain it.

*Writ of error dismissed.*