## J. W. CALNAN COMPANY *v.* DOHERTY.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 212.   Argued March 14, 1912.—Decided April 1, 1912.

A ruling of the Circuit Court of Appeals that the petitioning creditors held provable claims is not a judgment allowing or rejecting a claim within the meaning of § 25b of the Bankruptcy Act of 1898, and cannot under § 25a and subparagraph 1 be reviewed by this court.

Where the prerequisites for an appeal to this court specified in subparagraph 1 of § 25b of the Bankruptcy Act do not exist, and the Circuit Court of Appeals does not make the findings of fact and conclusions of law required by clause 3 of General Order 36, the appeal must be dismissed.  *Chapman* v. *Bowen*, 207 U. S. 89.

Appellate jurisdiction over a ruling of the Circuit Court of Appeals in a bankruptcy matter may not be exercised by this court by virtue of § 6 of the Judiciary Act of March 3, 1891, c. 517, *Tefft* v. *Munsuri*, 222 U. S. 114.

Appeal from 174 Fed. Rep. 222, dismissed.

THE facts are stated in the opinion.

*Mr. Clarence F. Eldredge* for appellant.

The court declined to hear further argument.   *Mr. John H. Blanchard* and *Mr. Hugh C. Blanchard* filed a brief for appellee.

Memorandum opinion by direction of the court.  By Mr. Chief Justice White.

Involuntary proceedings in bankruptcy were commenced against the J. W. Calnan Company, appellant here, in the District Court of the United States for the District of Massachusetts, by a creditor owning claims aggregating $713.86. After the filing of an answer by the alleged bankrupt, two creditors—one owning a judgment for $1,038.71 and the other asserting a claim of $963.75—intervened and joined in the petition.

The Calnan Company was adjudicated a bankrupt on May 13, 1909.  Eight days afterwards an appeal was prayed for and allowed from that decision.  In the assignment of errors, in addition to alleging that the court erred in adjudicating it a bankrupt, the Calnan Company alleged that the court erred in finding that the alleged creditors owning claims for $713.86 and $963.75 respectively were creditors holding valid provable claims against it.  In many forms of statement it was also alleged that the court erred in finding that the company had made an unlawful preferential payment to a creditor.  The Circuit Court of Appeals affirmed the judgment.  (174 Fed. Rep. 222.)  Within thirty days after the denial of a petition for a rehearing this appeal was taken.

Section 25b and subparagraph 1 of the Bankruptcy Act are mainly relied upon by counsel for the appellant as conferring jurisdiction upon this court to review the judgment of the Court of Appeals.  The clauses referred to authorize an appeal to this court in bankruptcy proceedings from any final decision of a Court of Appeals allowing or rejecting a claim "where the amount in controversy exceeds the sum of two thousand dollars, and the question is one which might have been taken on appeal or writ of error from the highest court of a State" to this court.  The contention, however, is untenable.  By § 25 (a) of

the Bankruptcy Act appeals in bankruptcy proceedings are authorized to the Circuit Courts of Appeals in three specified cases, two being: "(1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt;" and, "(3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over." It is manifest that the ruling made in the course of the determination of an issue as to alleged bankruptcy upon a subordinate issue as to whether or not the petitioning creditors held "provable" claims is not a judgment allowing or rejecting a debt or claim within the meaning of the section, and it is also evident that a decision by the Court of Appeals upon such a ruling is not a "final decision  .  .  . allowing or rejecting a claim under this act," within the meaning of § 25b.   See in this connection *Duryea Power Company* v. *Sternbergh,* 218 U. S. 299, 300.   Aside, however, from these considerations the prerequisites for an appeal to this court specified in subparagraph 1 of § 25 (b) do not exist, nor could the appeal be entertained inasmuch as the Court of Appeals did not make the findings of fact and conclusions of law required by clause 3 of General Order 36.   *Chapman* v. *Bowen,* 207 U. S. 89, 90.

The further contention that jurisdiction may be exercised by virtue of § 6 of the Judiciary Act of March 3, 1891, is shown to be without merit by our recent decision in *Tefft, Weller & Co.* v. *Munsuri,* 222 U. S. 114.

*Appeal dismissed.*