## In re SCHAFFNER.

### Petition of STRAUSS.

(Circuit Court of Appeals, Second Circuit. June 9, 1920.)

#### No. 89.

1. **Bankruptcy ⟨⟩336—Claim may be amended after one year.**
   An amendment of a claim, to make it more specific, may be allowed after expiration of the year for filing claims.

2. **Bankruptcy ⟨⟩331—One of two executors may file claim for estate.**
   One of two executors may sign and verify a claim on behalf of the estate.

3. **Bankruptcy ⟨⟩439—Order expunging claim reviewable by petition to revise.**
   An order expunging a claim filed on behalf of an estate, because not signed by both of the two executors, *held* properly reviewable by petition to revise.

4. **Bankruptcy ⟨⟩439—Appellate court may revise interlocutory order.**
   The appellate court may revise an interlocutory order in bankruptcy, where it will speed the proceedings.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Herbert E. Schaffner, trading as Schaffner & Rubstadt, bankrupt. On petition by Louis C. Strauss to revise order of District Court. Reversed.

Rosenberg & Ball and Lewis M. Scheuer, all of New York City (D. W. Kahn, of New York City, of counsel), for claimant.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

H. & J. J. Lesser, of New York City, and Leo Oppenheimer, of Cleveland, Ohio (J. J. Lesser, of New York City, of counsel), for trustee and Karp.

Before WARD, HOUGH, and MANTON, Circuit Judges.

WARD, Circuit Judge. June 21, 1917, an involuntary petition in bankruptcy was filed against Herbert E. Schaffner, trading as Schaffner & Rubstadt. July 17 an order of adjudication was made, and Melville Boyd appointed receiver. July 31 a special meeting of creditors was held to vote on offers to purchase the assets of the estate, at which the offer of one Karp was accepted, viz. to pay all prior claims proved and allowed in full, 56 per cent. of all unsecured claims proved and allowed, and disbursements and expenses of administration. August 1 the referee confirmed the sale and made Karp a party to this proceeding. November 13 Boyd, the receiver, was elected trustee.

In April, 1918, Louis C. Strauss, one of the executors of Emanuel Schaffner, deceased, father of the bankrupt, verified and filed a proof of claim, the material portions of which are as follows:

"At Cincinnati, in the state of Ohio, on the date hereinafter set forth, came Louis C. Strauss, one of the executors of the estate of Emanuel Schaffner, deceased, and says: That the above-named bankrupt was at and before the filing of the petition in bankruptcy herein, and still is, justly and truly indebted to said estate of Emanuel Schaffner, deceased, in the sum of sixty-six thousand five hundred fifty ($66,550) dollars. That the consideration of said debt is moneys and securities loaned to the said bankrupt by Emanuel Schaffner, deceased, of the agreed value or amount of $66,550, on or prior to the 8th day of November, 1915, no part of which has been paid, and the whole whereof is justly due and owing by the said bankrupt to the said estate. That there are no offsets or counterclaims thereto."

April 22 Boyd, the trustee, and Karp, the purchaser, objected to the claim:

"Sir: Please take notice that Melville Boyd, the trustee herein, and Hyman Karp, the purchaser of all of the assets of the above-named bankrupt, hereby object to the claim filed by Louis C. Strauss, the executor of the estate of Emanuel Schaffner, in the sum of sixty-six thousand five hundred fifty ($66,-550) dollars, for the reason that the said claim is not a debt provable against this estate and should not be allowed, and for the further reason that the said bankrupt is not indebted to the estate of Emanuel Schaffner in any sum whatsoever.

"Dated, New York, April 22, 1918."

December 23 a hearing on the objections was had, at which objection was made that the proof of claim was invalid, because signed and filed by one executor only. February 11 the executor Strauss applied for leave to file an amended claim, which was granted by the referee. The amended claim differs from the original only in adding to the first paragraph:

"That he, together with Herbert E. Schaffner, are the sole qualified and acting executors of the estate of Emanuel Schaffner, deceased"

—and changing the amount claimed from $66,550 to $65,150, and adding:

"Schedule A.

| December, 1914. | Cash | .................................................. | $22,800 |
| March 31, 1915. | Securities | .................................................. | 42,350 |
| | Total | .................................................. | $65,150" |

The referee, relying upon Whitney v. Dresser, 200 U. S. 532, 26 Sup. Ct. 316, 50 L. Ed. 584, directed the objectors to go forward. Thereupon Karp and the trustee filed a petition for review by the District Court, on the ground that the referee erred in allowing the amended proof of claim to be filed more than a year after adjudication, and in not holding it to be insufficient, because signed by one executor only, and in imposing the duty of going forward upon the objectors.

[1] The District Judge made no reference to the objection that the amended proof of claim was allowed to be filed more than a year after adjudication, but we think it without merit. In re Kessler, 184 Fed. 51, 107 C. C. A. 13. He did, however, hold that, though one executor may verify, both executors must sign and file the proof of claim. For that reason he reversed the order of the referee, directed the amended proof of claim to be expunged, and that if within 15 days an amended proof of claim, signed by both executors, were filed, the referee, upon petition of the trustee for a re-examination of the claim under General Order 21 (89 Fed. ix, 32 C. C. A. xxiii), should take the examination of each of the executors, with the discretion of suspending the proceedings to determine the validity of the claim until each had been examined.

[2] We do not agree with the District Judge that the proof of claim must be signed by both executors. We think that one may sign and verify a claim on behalf of the estate. The whole bankruptcy proceeding constitutes one suit, and a proof of claim is not an action at law or in equity, but is a demand against a fund in possession of the court for distribution, just like a proceeding to limit the liability of a vessel owner or to wind up a corporation in equity. Strict rules of pleading are not necessary or applicable. We can see no objection to one executor signing and filing a proof of claim upon behalf of the estate, just as section 1 of the General Order permits one partner to do for the firm; both having the right to collect or release a debt or dispose of assets of the estate or the firm. Geyer v. Snyder, 140 N. Y. 394, 35 N. E. 784. In such exceptional cases as this great mischief might ensue, if the view of the District Judge were enforced. One executor, by refusing to sign, might prevent a proof of claim ever being filed, and important controversies ever determined. It is suggested that by proceedings in the probate court the letters of such an executor might be revoked; but this would be a long proceeding, which might subject the bankruptcy court to the control of the probate court, as, for example, if that court refused to discharge the executor.

[3, 4] Both an appeal and a petition to revise have been taken; but, as this is a proceeding in bankruptcy, the petition is the proper remedy. We might refuse to revise the order, as it is interlocutory (In re Horowitz, 250 Fed. 106, 162 C. C. A. 278); but, questions of law going to

the jurisdiction being involved, it will speed distribution to dispose of it now.

The order is reversed, the proof of claim reinstated, and, if the trustee apply for a re-examination under General Order 21, the referee to determine upon whom the duty of going forward lies, and to take the examination of the claimant and of any competent witness called by either party.