## GLOBE INDEMNITY CO. OF NEWARK, N. J., et al. v. KEEBLE.

### In re McELWEE.

Circuit Court of Appeals, Fourth Circuit. June 3, 1927.

No. 2610.

**1. Bankruptcy ⬤═309—Claim against partnership for which partners bound themselves individually held provable against estate of one partner.**

Where a contract of indemnity given to the surety on a bond to secure performance of a building contract by a partnership was signed by the partnership and also by the partners individually, binding themselves jointly and severally, the claim of the surety for money paid out on the bond *held* provable against the individual estate in bankruptcy of one of the partners though the partnership had not been adjudged bankrupt.

**2. Bankruptcy ⬤═336—Amendment of defective claim may be allowed after expiration of year in furtherance of justice.**

Amendments to an imperfect claim, to make it correct, may be allowed after expiration of the year for filing claims, if in the opinion of the court such amendment is in furtherance of justice.

Appeal from the District Court of the United States for the Eastern District of North Carolina, at Raleigh, in Bankruptcy: Isaac M. Meekins, Judge.

In the matter of W. H. McElwee, bankrupt; C. G. Keeble, trustee. The Globe Indemnity Company of Newark, N. J., and the National Surety Company, appeal from an order of the District Court disallowing their claims. Reversed.

S. Brown Shepherd, of Raleigh, N. C., for appellant National Surety Co.

Robert Ruark, of Raleigh, N. C. (Ruark & Fletcher, of Raleigh, N. C., on the brief), for appellant Globe Indemnity Co.

A. L. Cox, of Raleigh, N. C., for trustee.

Theodore S. Garnett, of Norfolk, Va. (Garnett, Taylor & Edwards, of Norfolk, Va., on the brief), for certain general creditors.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge. This is an appeal from an order of the District Court for the Eastern District of North Carolina confirming an order made by the referee in bankruptcy on July 7, 1926, in the matter of W. H. McElwee, individually, bankrupt, disallowing the claims of the Globe Indemnity Company of Newark, N. J., and

the National Surety Company, sought to be filed in said bankruptcy case.

Hester & McElwee was a partnership, carrying on business as contract builders, in the state of North Carolina. In the conduct of their business they applied for and secured indemnity bonds from the Globe Indemnity Company and the National Surety Company, appellants herein, conditioned for the faithful performance of certain building contracts entered into by the firm. Default was made in these contracts, and both indemnity companies paid out certain sums of money on these bonds.

W. H. McElwee was adjudged a bankrupt on April 2, 1924, and the cause referred to the referee on same day. The schedules of the bankrupt were filed April 15, 1924. A trustee was duly elected. The bankruptcy of McElwee was as an individual, and the only estate which came into the hands of his trustee was the individual estate. Prior to his bankruptcy, McElwee was one of the members of the partnership of Hester & McElwee, building contractors, as above set out. The firm of Hester & McElwee was never declared bankrupt.

The claims of the appellants were sought to be filed with the referee within the statutory period of one year from the adjudication, and were, after the expiration of one year, sought to be amended in both instances. The referee disallowed both claims as against the individual estate of McElwee, and both companies appealed from such finding to the judge of the District Court, who, upon hearing, approved the finding of the referee, from which decision of the District Court both companies appealed.

Two main questions are presented: First, whether the claims of the Globe Indemnity Company and the National Surety Company were obligations against McElwee individually, and properly provable in his individual bankruptcy; second, if the claims were obligations of McElwee individually, were they properly filed and proven in the case of W. H. McElwee, bankrupt.

While there is a great similarity between the two claims of the Globe Indemnity Company and the National Surety Company, yet there is some difference between the obligations on which they seek to establish their claims, and some difference in the dates and manner of the filing of the claims, and they will therefore here be considered separately. The claim of the Globe Indemnity Company will be first discussed.

[1] In securing the bond from the Globe Company, Hester & McElwee, as is shown by the record, filed with the application an "agreement of indemnity," which accompanied the amended proof of claim No. 2 of the Globe Company. This agreement of indemnity contained the following as its final clause:

"These covenants shall be binding, not only upon the undersigned, jointly and severally, but as well upon the respective heirs, executors, administrators, successors, and assigns of the undersigned, and shall be liberally construed as against the undersigned and each of them, whether signing as principal on said bond or an indemnitor to the said Globe Indemnity Company."

This agreement of indemnity was signed by the firm, Hester & McElwee, and by W. H. McElwee, having, after the latter's signature, the description, "Member of the Firm." This clause was the individual undertaking of McElwee, and undoubtedly created a claim against W. H. McElwee individually, for any loss sustained by the Globe Company on the bond given in response to this application, and such loss is a debt properly provable against the estate of W. H. McElwee, individually, bankrupt.

In the case of Reynolds v. New York Trust Co. (C. C. A.) 188 F. 613, 39 L. R. A. (N. S.) 391, it is held that, "if one dealing with a firm procures also the individual undertaking of a partner to answer for the firm debt, there are substantial reasons for permitting him to resort to both estates." See, also, In re McCoy (C. C. A.) 150 F. 106, affirmed in Chapman v. Bowen, 207 U. S. 89, 28 S. Ct. 32, 52 L. Ed. 116. "If the partners had by separate contract of guaranty obligated themselves to the claimants, such separate contract would have afforded a basis for a claim against their individual estates." In re Brown & Co. (D. C.) 8 F. (2d) 53, 54, quoting from Schall v. Camors (C. C. A.) 250 F. 6.

One of the leading cases on this point, and one in which the question of double liability is fully discussed, is that of Robinson v. Seaboard National Bank of New York et al. (C. C. A.) 247 F. 667. In this case it was held that "holders of the joint and several obligations of the members of a partnership, signed in their individual names, but executed in connection with a partnership transaction, are entitled to prove them against both the partnership estate and the individual estates of the partners."

From these authorities it would seem clear that the Globe Company had a right to prove its claim against the individual estate

of W. H. McElwee, bankrupt, and we so hold.

The record shows that proof of indebtedness No. 1 of the Globe Company was filed on March 30, 1925, and was entitled "In the Matter of the Bankruptcy of Hester & McElwee"; but any claims with regard to the debt set up in this proof has been abandoned by the Globe Company, and it need not be considered.

The record further shows that on March 7, 1925, "amended proof of claim No. 2" was filed with the referee. This was entitled "In the Matter of the Administration of the Estate of W. H. McElwee, Deceased." But an examination of this amended proof of claim, together with the agreement of indemnity accompanying it, and immediately following it in the record, shows that, while somewhat defective in form, it was clearly intended as a proof of claim against W. H. McElwee, bankrupt, individually. On April 28, 1926, the Globe Company again filed a "petition and amended proof of claim No. 2," attempting to show that the firm of Hester & McElwee was simply a firm name for W. H. McElwee; but this contention has apparently been abandoned by the Globe Company.

[2] Again, on April 28, 1926, the Globe Company filed "amended proof, claim No. 1, of Globe Indemnity Company," and this amended proof of claim was entitled "In the Matter of Hester & McElwee, Bankrupts," but was in regard to the debts, the claim for which has been abandoned by the Globe Indemnity Company. Great liberality has been shown by the courts in permitting imperfect and improperly drawn claims, filed within the year allowed by the statute, to be used as a basis for amendment after the year has expired. "Strict rules of pleading are not necessary or applicable." In re Schaffner (C. C. A.) 267 F. 977.

It is clearly the rule, laid down by all the authorities that have been consulted, that amendments to an imperfect claim to make it correct may be allowed after the expiration of the year for filing claims. The rule may be stated as being that such amendment will be allowed if, in the opinion of the courts, such a course is in furtherance of justice. In re Mercur (D. C.) 116 F. 655; In re Roeber (C. C. A.) 127 F. 122; In re Fairlamb (D. C.) 199 F. 278; In re McCarthy P. E. Co. (D. C.) 205 F. 986; Hutchinson v. Otis & Co., 190 U. S. 552, 23 S. Ct. 778, 47 L. Ed. 1179; In re Schaffner (C. C. A.) 267 F. 977. "Where a paper presented for filing, although informal, contains the substance of a formal claim, it is sufficient as the basis of an amended claim filed after expiration of the year allowed by Bankruptcy Act, § 57n." In re Drexel Hill Motor Co. (D. C.) 270 F. 673.

In Re Kessler (C. C. A.) 184 F. 51, the court said: " * * * It has been repeatedly held that 'a proof of claim' which is defective in some substantial particular may be amended, and that such amendment may be made subsequent to the expiration of one year after adjudication, although the effect of such amendment may be that 'proof of claim' is thereby effectively made only after the year. * * *"

The court also quotes with approval the following language from Hutchinson v. Otis, 115 F. 937, 941, afterwards affirmed in Hutchinson v. Otis, 190 U. S. 552, 23 S. Ct. 778, 47 L. Ed. 1179: "Courts of bankruptcy, like courts of admiralty, permit amendments with a most liberal hand, and as there was enough in the original proof by which to amend, and as the District Court thought it was equitable to allow the amendment, the appeal cannot be maintained."

Applying the rule laid down by these authorities, it would seem clear that, if the claim of the Globe Company was a proper claim against the individual bankrupt estate of McElwee, it was, considering together the proofs of claim and amended proofs of claim, properly and duly filed.

The claim of the National Surety Company was first filed with the referee on February 5, 1925, and was entitled "In the Matter of W. H. McElwee, Bankrupt," and the amended supplemental claim of National Surety Company was filed with the referee on July 1, 1926. Accompanying the amended claim was "Indemnity Agreement Between W. H. McElwee and A. F. Hester, and the National Surety Company," and the following memorandum was attached to photostatic copy of the indemnity agreement:

"This indemnity agreement, signed by W. H. McElwee and A. F. Hester, was allowed to be filed by Judge Meekins on September 17, 1926, it appearing that by an oversight the paper had not been included with the application for bond which was filed with the claim of the National Surety Company herein."

In this indemnity agreement, signed by W. H. McElwee and A. F. Hester individually, under seal, the partners agree individually to indemnify the National Surety Company for all loss occasioned said company under the bond applied for. Applying to the claim of the National Surety Company the same rules of law herein discussed as be-

ing applicable to the claim of the Globe Company, we hold that substantial justice will be done by allowing the claim of the National Surety Company, as well as the claim of the Globe Company, as properly proved against the estate of W. H. McElwee individually, bankrupt.

The decree of the District Court, in so far as it disallows the claims of the Globe Indemnity Company and the National Surety Company against the individual estate of W. H. McElwee, bankrupt, is therefore reversed, and this cause is remanded to the said District Court, with instructions to allow the claims of the said Globe Indemnity Company and the said National Surety Company as debts against the individual estate of W. H. McElwee, Bankrupt, to be paid therefrom ratably to other unsecured creditors of that estate.

Reversed.