## In re KNOWLTON & CO.

### WATERS et al. v FIRST NAT. BANK OF GARDNER, MASS., et al.

(Circuit Court of Appeals, Third Circuit. January 24, 1913.)

#### No. 63.

BANKRUPTCY (§ 354*)—PARTNERSHIP—MARSHALING OF ASSETS.

Where the members of a bankrupt partnership were a natural person and another partnership, which is also insolvent, in the marshaling of assets, under Bankruptcy Act July 1, 1898, c. 541, § 5f, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), the constituent partnership is to be treated as an individual partner, and its assets applied first to the payment of its own creditors; the surplus only, if any, being distributable to the creditors of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 555–564; Dec. Dig. § 354.*]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. B. McPherson, Judge.

In the matter of Knowlton & Co., a partnership, bankrupt. From an order of the District Court for distribution of assets to the First National Bank of Gardner, Mass., and others, William R. Waters and others, creditors, appeal. Affirmed.

For opinion below, see 196 Fed. 837.

Arthur G. Dickson, James McMullan, Horace Paul Dormon, and Henry P. Brown, all of Philadelphia, Pa., for appellants.

James A. Stiles, of Gardner, Mass., and Henry G. Hart, of Philadelphia, Pa., for appellees.

Before GRAY and BUFFINGTON, Circuit Judges, and RELL-STAB, District Judge.

GRAY, Circuit Judge. This is an appeal from an order and decree made and entered in the above-entitled cause by the court below, sitting in bankruptcy, modifying and in part reversing the order made by a referee in bankruptcy, in regard to the distribution of a fund in the hands of the trustees of the estate of Knowlton & Co., received by them from the assignees of the firm of A. & H. C. Knowlton, one of the partners of the said firm of Knowlton & Co. The case both before the referee and the court below was heard on an agreed statement of facts, briefly summarized as follows:

On June 18, 1910, the partnership of Knowlton & Co., formed November 28, 1908, doing business in Philadelphia, was adjudged a bankrupt; the bankrupt partnership consisted of the firm of A. & H. C. Knowlton, of Gardner, Mass., and John W. Maskell, of Camden, N. J. The partners of A. & H. C. Knowlton had their dom-

icile, and the firm its principal place of business, in Gardner, Mass. This firm was formed July 2, 1895. Neither the firm of Knowlton & Co. nor John W. Maskell had any interest whatsoever in the said firm of A. & H. C. Knowlton, or its property, business or assets, except as herein stated. Knowlton & Co. and A. & H. C. Knowlton were "separate partnerships." The latter sold "chairs in the white" to the former, for which it was paid, and, except as to certain indorsements of notes of the former company to the latter company to secure deferred payments, there were no business transactions between the two, and each kept separate books of account. February 21, 1910, the Gardner partnership made an assignment for the benefit of creditors to Greenwood, Derby and Bryant. At that time, it owed about $15,000, upon contracts and obligations with which neither the firm of Knowlton & Co. nor John W. Maskell were in any wise concerned and upon which neither was in any way liable. The Gardner partnership was then able to pay in full all its debts, excluding its liability as a partner in Knowlton & Co., and the liquidation of its assets resulted in a net sum of $25,000—more than sufficient for that purpose. The bankrupt firm of Knowlton & Co. was indebted in an amount greater than its assets. The administration of the assets of the Gardner firm of A. & H. C. Knowlton was taken over by the court below, as being the assets of one of the partners of the bankrupt firm of Knowlton & Co., and the net proceeds thereof, amounting to about $25,000, were paid over by the assignees of the Gardner firm to the trustees in bankruptcy of the Philadelphia firm. The assets of the firm of Knowlton & Co. have proved insufficient to pay its partnership debts. Debts primarily due from the Gardner firm of A. & H. C. Knowlton, or due from it by virtue of its indorsement of paper of Knowlton & Co. and John W. Maskell, have been proved in this cause against the said firm. Debts primarily due from the Philadelphia firm of Knowlton & Co. have likewise been proved against A. & H. C. Knowlton as a partner in Knowlton & Co., subject to an order of court which permitted such proof to be made, subject to the determination of the questions of law submitted to the court below upon the statement of facts. These questions were:

First.—Does the adjudication in bankruptcy of Knowlton & Co. and the administration of its affairs in this court draw to this court the administration of the assets of A. & H. C. Knowlton, as one of the partners in said firm of Knowlton & Co.?

Second.—Are the creditors of Knowlton & Co. entitled to prove against A. & H. C. Knowlton, as one of the members of the firm of Knowlton & Co., for the full amount of their respective claims, or, for whatever balance may remain due thereon after applying such sums as may have been or will be received from the estate of Knowlton & Co.?

Third.—Can the creditors of Knowlton & Co. share equally in the distribution of the assets of A. & H. C. Knowlton with the other creditors of A. & H. C. Knowlton?

The learned court below has decided the first question in the affirmative. Also, that the creditors of Knowlton & Co. are entitled

to prove against the firm of A. & H. C. Knowlton, as a partner of the bankrupt firm, for the full amount of their respective claims. No appeal has been taken from these decisions.

As to the third question, the court held that the partnership creditors of Knowlton & Co. can share in the distribution of the assets of A. & H. C. Knowlton only after the other creditors of A. & H. C. Knowlton have been paid in full. In this respect the judgment below is appealed from and the determination of the court on this question is assigned for error.

The well-known rule in equity, that has been so long applied to the marshaling of assets and liabilities between partnerships and the individual members thereof, has been embodied in section 5f of the present Bankrupt Law, as well as in those that have preceded it, as follows:

"The net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts. Should any surplus remain of the property of any partner after paying his individual debts, such surplus shall be added to the partnership assets and be applied to the payment of the partnership debts. Should any surplus of the partnership property remain after paying the partnership debts, such surplus shall be added to the assets of the individual partners in the proportion of their respective interests in the partnership."

As it is well settled and not here denied that one partnership, "A," may be an individual partner of another partnership, "B," it would seem to be a logical conclusion that the assets of partnership "A," as an individual member of partnership "B," must be applied to the debts of partnership "A" before they can be called on to contribute to the debts of partnership "B." So, in turning to the case in hand, the Gardner partnership, as a legal entity, was a member of the Philadelphia partnership, and its debts, qua the Philadelphia partnership, were the individual debts of a partner of the Philadelphia firm, in the sense of section 5f of the statute, and the liability for such individual debts must have preference to the Gardner partnership's liability, as a member of the Philadelphia firm, for the debts of that firm. The confusion and fallacy in the contrary contention seems to arise from the fact that the debts of the constituent partnership are individual debts, qua the Philadelphia partnership, but they and the partnership debts of the Philadelphia firm are alike partnership liabilities of the constituent Gardner firm, though the former liability is primary and the latter is secondary.

This satisfies logically and equitably the exigence of the rule. We are relieved, however, from further consideration of this question by the clear and adequate discussion by the learned judge of the court below in the opinion accompanying its judgment, as found in In re Knowlton & Co. (D. C.) 196 Fed. 837.

The decree and order below are hereby affirmed.