THE MARCUS SHIPPING ASSOCIATION, Appellant, v. F. S.
BARNES et al., Appellee.

**CORPORATIONS:** Bankruptcy of Stockholder—Assignee's Right to
1   Assets—Offsetting Indebtedness. A trustee in bankruptcy ac-
quires no higher or better title to the assets of the bankrupt
than the bankrupt had at the time of the adjudication of bank-
ruptcy unless the Bankruptcy Act so provides.

> PRINCIPLE APPLIED: The statutory life of a corporation
> expired Dec. 12, 1907. It at once commenced to close up its
> affairs, sold its property, paid its debts and had a fund for
> distribution among its stockholders equal to $40 per share. One
> Barnes had for years been the treasurer of the corporation and
> was $2,000 short in his accounts with the corporation on and for
> more than four months prior to Oct. 25, 1911, on which latter
> date he was adjudged an involuntary bankrupt. Barnes owned
> 13½ shares in the said corporation. Each share provided that
> it was not transferable by the stockholder without the consent
> of the directors if the stockholder was liable to the corporation.
> *Held,* whether the corporation had under the provisions of the
> certificate alone a lien on the fund in its possession to which
> the holder of the Barnes' shares were entitled, *quaere. Held,*
> the corporation did have the right against the trustee to deduct
> from that part of the assets due on the Barnes shares the amount
> of the shortage.

**BANKRUPTCY:** Trustee's Title—Right of Set-Off Against Trustee.
2.  A corporation, passing through liquidation, has the right, against
the trustee in bankruptcy of a bankrupt stockholder of the cor-
poration, to deduct from that part of the assets of the corpora-
tion due on the stockholder's shares, the amount due the cor-
poration from the bankrupt on a defalcation antedating the
adjudication of bankruptcy by more than four months, the stock
certificates so providing, and this right is not defeated by the
terms of the Bankruptcy Act providing that the trustee "as to
all property in the custody or coming into the custody of the
bankruptcy court, shall be deemed vested with all the rights,
remedies, and power of a creditor holding a lien by legal or
equitable proceedings thereon." Act July 1, 1898, Sec. 47a (30
Stat. 557, c. 541) as amended by Act June 25, 1910 (36 Stat.
840, c. 412, Sec. 8 [U. S. Comp. St. 1913, Sec. 9631]).

**BANKRUPTCY:** Trustee's Title to Stock Holdings—Stock Subject
3 to Equities. A trustee in bankruptcy of a bankrupt stockholder
of a corporation takes the stock holdings of the bankrupt in
the corporation subject to the equities existing between the
corporation and its bankrupt stockholder, even though it be con-
ceded that mutual indebtedness did not *technically* exist between
the corporation and the stockholder at the time of the adjudica-
tion in bankruptcy.

PRINCIPLE APPLIED:  (See preceding application.)

*Appeal from Cherokee District Court.*—HON. W. D. BOIES,
Judge.

MONDAY, MARCH 15, 1915.

THE opinion states the case.—*Reversed* and *Remanded.*

*B. Radcliffe,* for appellant.

*J. F. Kass,* for appellee.

WEAVER, J.—F. S. Barnes was the holder of thirteen and
one-half shares, of the par value of $20 per share, in the capi-
tal stock of a corporation known as the Marcus Shipping
Association. The statutory period for which such corpora-
tion was organized and authorized to do business expired
December 12, 1907, whereupon it went into voluntary liqui-
dation, retaining its corporate form and organization for the
necessary purposes of closing its business and distributing its
assets. To that end it sold its property and after satisfying
the claims of the corporate creditors, there was left a fund
for distribution among the stockholders equal to the sum of
forty dollars per share. For several years prior to the retire-
ment of the corporation from business, Barnes had served as
its treasurer and was still holding that position when he was
adjudged an involuntary bankrupt upon a petition filed
October 25, 1911, on which date and for more than four months
prior thereto he had in his possession as such treasurer of
the moneys received by him in that capacity the amount of

$2,000, which he had not paid over or accounted for. To make entirely clear the question of law hereinafter stated, it should further be said that the certificates of stock issued by the corporation and held by Barnes each contained a provision or stipulation in the following words: "Transferable only on the books of the Association, in person or by attorney, on the surrender of this certificate. Not transferable by any stockholder liable to this association as principal debtor or otherwise without the consent of the Board of Directors."

The bankruptcy proceedings against him being still pending, plaintiff brought this action in equity against the bankrupt and the trustee of the bankrupt estate. The petition states the plaintiff's case in two counts. In the first count, the foregoing facts are recited and based thereon, plaintiff asserts a lien on the fund in its possession to which the holders of the Barnes shares of stock are entitled in the distribution of the corporate assets, and asks a decree establishing said lien and for the enforcement of the same for the payment of Barnes' debt to the corporation.

In the second count of the petition, the same facts are recited and plaintiff prays that in case the lien asserted by it in the first count of the petition is denied by the court, then in such event it may be decreed and held to have an equitable right to set off the indebtedness of Barnes to the corporation against the demands of the trustee upon the certificates of stock.

To this petition the general demurrer of the defendants was sustained by the trial court. In an opinion accompanying the ruling, the court speaks only of the plaintiff's claim for a lien and reaches the conclusion that while it is competent for a corporation to retain a lien on the shares of a stockholder to secure the payment of his indebtedness to it, yet such authority must be found in some appropriate provision of the corporate articles or by-laws and that in the absence of such provision the reservation of a lien in the certificates of stock is ineffectual.

Under the opinion we are about to express upon that phase of the case presented by the second count of the petition and the demurrer thereto, it is unnecessary for us to pass upon the correctness of the position thus

1. CORPORATIONS: bankruptcy of stockholder: assignee's right to assets: offsetting indebtedness.

stated by the court below. Leaving that question undecided, we hold to the view that under the admitted circumstances the corporation is equitably if not legally entitled to the set-off which it asks. If Barnes himself were suing for an accounting to determine and recover his share of the corporate assets, no one would think of questioning the right of the corporation to set off its claim against him for whatever balance there might be due from him as its treasurer. It is a well settled proposition that an assignee in insolvency or trustee in bankruptcy acquires no better title 'to the estate or property or assets of the debtor than the debtor himself had at the time of the assignment or the adjudication of bankruptcy (*Warner v. Jameson*, 52 Iowa 70; *Wasey v. Whitcomb*, 132 N. W. (Mich.) 572; *Zartman v. Bank*, 216 U. S. 134; *In re Scruggs*, 205 Fed. 675); and unless there be something found in the terms of the bankruptcy statutes inaugurating a change of the rule, we see no reason for denying its application to this case. The only provision of the federal statute to which we are cited is that part of the Act of June 25, 1910, amending Sec. 47a of the Act of 1899, 36 Statutes at Large, 840, which

2. BANKRUPTCY: trustee's title: right of set-off against trustee.

provides that the trustee in bankruptcy "as to all property in the custody or coming into the custody of the bankruptcy court shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon." If in applying this statute we are to say the trustee acquired a lien equivalent to that of an attaching creditor, it is necessarily a lien which came into existence only with the adjudication of bankruptcy, and we think such lien is clearly subject to the right already existing in the corporation, in liquidating its assets for the purpose of distribution

preparatory to a dissolution of its corporate existence, to deduct from that part applicable to shares held by Barnes the amount of his indebtedness to the corporation. Bearing upon this position see *In re Anson Mercantile. Co.,* 203 Fed. 871; *Big Four Implement Co. v. Wright,* 207 Fed. 535; *Wasey v. Whitcomb,* 132 N. W. (Mich.) 572; *Remington on Bankruptcy,* Sec. 1170.

What the trustee obtained title to, if anything, was the certificates held by Barnes. These certificates were the paper evidence of Barnes' right to the number of shares named therein, and in acquiring such title the trustee acquired standing to assert and enforce all the rights which, but for the bankruptcy proceedings, Barnes could have asserted and enforced, and no more. Appellees in argument, while apparently conceding this rule in its general statement, deny its application to the facts in this case because, they say, while it does appear that at the date of the adjudication of bankruptcy Barnes was and for more than four months had been indebted to the corporation, it does not appear that the corporation was then indebted to Barnes in any sum, and did not in fact become indebted to anyone upon these shares of stock until the process of liquidation was complete and the corporate assets ready for distribution, at which time the trustee had acquired title to the stock and the set-off which might have been made against Barnes is not available against the trustee. But we can admit neither the premise nor the conclusion. It is not quite correct to say that no mutual indebtedness existed at the date of the bankruptcy. The capital stock of a corporation is a liability in favor of its shareholders. True, it is not a liability on which an action at law or in equity will lie to enforce a recovery or accounting until cause is shown for a dissolution of the corporation and distribution of its assets. When, however, the legal period for its corporate existence has expired and the work of liquidation for the purpose of winding up its affairs is begun, the corporation and its stockholders assume a somewhat changed relation to

each other. The title to the property remains, of course, in the corporation until the process of liquidation is effected and final division or distribution is made; but, subject only to the payment of corporate debts, it is a title held in trust for the benefit of the stockholders and they may demand and by appropriate action enforce the distribution of the assets in proportion to their several holdings of shares. In this case the legal period of corporate existence had expired, liquidation was in progress, the corporate property had been sold and, so far as may be inferred from the admitted allegations of the petition, the business was ripe for the final act of corporate dissolution. If mutual indebtedness or mutual obligations must have existed at the time of the adjudication of bankruptcy, as appellee contends, in order to preserve the right of set-off in plaintiff, we think that requirement is sufficiently complied with. The corporation was then holding its assets in trust for distribution to the shareholders, including Barnes; and he, or any other stockholder, could have invoked the aid of a court of equity, if necessary, to compel the performance of that trust and the delivery to him of his share. On the other hand, he was indebted to the corporation in a large sum for moneys received by him as its treasurer and unaccounted for. Moreover he was insolvent. Under such circumstances, it would smack of gross injustice to deny to the corporation the right to retain the dividend due to Barnes and apply it in reduction *pro tanto* of the much larger amount due itself.

But irrespective of the technical question whether mutual indebtedness in the ordinary sense of that word existed between the corporation and Barnes when the trustee in bankruptcy succeeded to the title to his estate, we think it sufficient to say that the trustee took the certificates of stock subject to the equities then existing between the bankrupt and the corporation. At that time the sole right in Barnes as a stockholder was the equitable right to receive his proportionate

3. BANKRUPTCY: trustee's title to stock holdings: stock subject to equities.

part of the assets of the corporation on final distribution less any proper charge or set-off against it. It was this right which the trustee acquired and no injustice is done him or the creditors he represents by denying him more. There was error in sustaining the defendant's demurrer and dismissing the petition.

The judgment of the district court must be reversed and cause remanded for further proceedings in harmony with this opinion.—*Reversed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.