ROBINSON v. SEABOARD NAT. BANK OF NEW YORK et al. In re W. S. KUHN & CO. (Circuit Court of Appeals, Third Circuit. May 14, 1918.) Nos. 2261–2263. Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, District Judge. On reargument. Former opinion corrected, and decision affirmed. For former opinion, see 247 Fed. 667, —— C. C. A. ——. J. M. Wright and A. A. Morris, both of Pittsburgh, Pa., for appellant. J. M. Shields, Sterrett & Acheson, and M. W. Acheson, Jr., all of Pittsburgh, Pa., for appellees. Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

PER CURIAM. Since the opinion in these cases was published (247 Fed. 667, —— C. C. A. ——) they have been reargued, and have been carefully reconsidered. In two or three particulars we inadvertently fell in error, and are glad to make the correction. The opinion states (247 Fed. 667, —— C. C. A. ——) that the Seaboard Bank, Edward Hutchins et al., and J. H. Purdy "proved their respective claims and participated *without objection* in the individual estate of J. S. Kuhn and in the individual estate of W. S. Kuhn." This was a mistake, and we withdraw the italicized phrase. We also said (247 Fed. 668, —— C. C. A. ——): "Of the general right of Purdy to participate in the individual estates of each of the makers of said note, no question was raised, or indeed could have been. So, also, of the general right of Purdy to prove his note and participate in the partnership estate of W. S. Kuhn & Co., no question was, or indeed could have been, raised, because the proof was that the proceeds of the note were borrowed for and were used in and by said partnership of W. S. Kuhn & Co., and this note was carried in the books of said firm as a partnership indebtedness." For these sentences we substitute the following: "The general right of Purdy to participate in the individual estates of each of the makers of the note was claimed and adjudged by the District Court without appeal therefrom. So, also, of the general right of Purdy to prove his note and participate in the partnership estate of W. S. Kuhn & Co., no question can be raised, because the proof was that the proceeds of this note were used in and by the partnership of W. S. Kuhn & Co., and the note was car-

ried in the books of the firm as a partnership indebtedness." ... ly afterwards we used this language: "The proofs further showed ... was the customary, and indeed virtually the only, way in which tha ... ship raised funds, and 'that of the millions of dollars it borrowed an... in its business it virtually gave no obligations in its own firm name of ... .. Kuhn & Co., but the individual names of its two partners were always used." And we modify this sentence to read as follows: "The proofs further showed that this was a customary way in which that partnership raised funds, and that of the millions of dollars it borrowed and used in its business it virtually gave no obligations in its own firm name of W. S. Kuhn & Co." We do not thing it important to decide whether the real firm name was "J. S. & W. S. Kuhn," or "W. S. Kuhn & Co.," and for present purposes we may concede that the counsel for the trustee is justified in what is said on page 12 of his supplemental brief: "From all of which it appears that, so far as the banking world was concerned, a number of persons knew 'J. S. & W. S. Kuhn,' a partnership; but, so far as the entire business world was concerned, 'W. S. Kuhn & Co.' was practically unknown. This title was merely a label or tag placed by James S. Kuhn and William S. Kuhn upon their private books to identify the transactions in which they were jointly engaged, and, as an incident, it happens that all their joint enterprises so disclosed were as between themselves partnership transactions."

But, after these corrections have been made, we are unable to see that the question presented for decision has been materially changed. It remains as before, Should the claimants have been permitted to make double proof of their claims? And on this point we continue to believe that the evidence before us warrants the application of the American rule. We shall not discuss this disputed question. Those who wish to pursue it may be referred to Re Farnum, Fed. Cas. No. 4,674, to the note in 39 L. R. A. (N. S.) 391, and to 3 R. C. L. § 49. But we do not assent to the conclusion stated in 3 R. C. L. that double proof is only to be allowed "where the double claim [is] based upon the joint obligation of the firm, and also an independent obligation or undertaking of the individual partner," if this statement means that the "independent obligation or undertaking of the individual partner" must be based on a separate writing (e. g., an indorsement), or on a separate oral contract. We can see no sufficient reason for such a requirement. In our opinion the partnership obligation and the separate obligations of the individual partners may (as in the pending cases) be contained on the face of the same instrument. If the evidence show that the firm as such and the individual partners as such have bound themselves by the same act, the result is that three (or more) contracts have been entered into at the same time and by the same transaction. And in that event, as in any other case of a joint and several obligation, each of the contracts thus entered into should be followed by its appropriate consequence. Here it was proved that each "joint" contract was a firm contract, while the "several" contracts, of course, bound the makers individually. The decree of affirmance heretofore entered will not be disturbed.