BANK OF REIDSVILLE et al. v. BURTON.

In re REIDSVILLE FERTILIZER CO.

(Circuit Court of Appeals, Fourth Circuit. April 28, 1919.)

No. 1694.

1. BANKRUPTCY ⬤➾351—PARTNERSHIP—CREDITORS OF PARTNERS.

Where a bankrupt is a partnership, the members or some of the members of which are themselves partnerships, the creditors of such a constituent firm are entitled to have their debts first paid out of its assets before creditors of the bankrupt partnership may participate therein.

2. BANKRUPTCY ⬤➾309—PARTNERSHIP—CLAIMS PROVABLE AGAINST PARTNERSHIP AND INDIVIDUAL ESTATES.

A creditor, who holds a note of a bankrupt firm upon which a partner has, as joint maker, surety, or indorser, made himself individually liable, is entitled to prove his claim against both the partnership and individual estate.

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Western District of North Carolina, at Greensboro, in Bankruptcy; James E. Boyd, Judge.

In the matter of the Reidsville Fertilizer Company, a partnership, bankrupt; W. F. Burton, trustee. Petition by the Bank of Reidsville and others to revise an order of the District Court. Reversed.

W. M. Hendren, of Winston-Salem, N. C., W. R. Dalton, of Reidsville, N. C., and A. B. Kimball, of Greensboro, N. C. (A. J. Burton, of Lawton, Okl., and King & Kimball, of Greensboro, N. C., on the brief), for petitioners.

R. C. Strudwick, of Greensboro, N. C. (P. W. Glidewell, of Reidsville, N. C., and Wm. P. Bynum, of Greensboro, N. C., on the brief), for respondent.

Before PRITCHARD and WOODS, Circuit Judges, and ROSE, District Judge.

ROSE, District Judge. The bankrupt, the Reidsville Fertilizer Company, was a copartnership, the partners in which were two other firms and one individual, trading in a partnership name. At the time of its bankruptcy it had outstanding promissory notes, signed not only by itself, but by the respective firm names of its partners. No attempt appears to have been made to secure the adjudication either of the member firms or of the individuals who composed them, nor strictly speaking were the estates of any of them administered in bankruptcy. In lieu of so doing the trustee brought suits in the state court against the individual members of Williams & Hopkins, one of the firms making up the bankrupt copartnership. The creditors of these individuals and of the firm of which they had been members intervened in the suits. A compromise was finally reached by which the defendants

⬤➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

paid $7,500, $3,000 of which went to a creditor of one of the defendants in his individual capacity, and the remaining $4,500 was turned over to the trustee in bankruptcy under a stipulation reserving to all of the creditors of various classes the right to set up in the bankruptcy court whatever claims they might have against the fund so brought in.

The persons who hold the notes of the bankrupt upon which appears also the firm name of the copartnership from whose members the $4,500 came say they are entitled to have all of it applied to the payment of such notes, which amount to $10,000 or more, and in their view are obligations of that firm as well as of the bankrupt. The trustee contends that the creditors, having proved the notes against the bankrupt and having in common with its other creditors received a dividend of 20 per cent. thereon, cannot set up special rights in the fund on the theory that they are also creditors of one of the constituent partnerships. The referee, and subsequently the District Court, ruled in favor of the trustee. The creditors holding the notes in question have brought the case here by petition to revise.

[1, 2] Where a bankrupt is a copartnership, the members or some of the members of which are themselves partnerships, the creditors of such a constituent firm are entitled to have their debts first paid out of its assets before the creditors of the bankrupt copartnership may participate therein, precisely as the individual creditors of an ordinary copartnership have the first claim upon his assets. In re Knowlton (D. C.) 196 Fed. 837; 202 Fed. 480, 120 C. C. A. 610. That every creditor who holds a note of a bankrupt firm upon which an individual member has, as joint maker, surety, or indorser, made himself individually liable, is entitled to prove his claim both against the partnership and the individual estate is too well settled for discussion. Fourth National Bank v. Mead, 216 Mass. 521, 104 N. E. 377, 52 L. R. A. (N. S.) 225; In re McCoy, 150 Fed. 106, 80 C. C. A. 60.

It follows the order below must be reversed, and the case remanded, with directions to treat the $4,500 in question as assets of the constituent firm of Williams & Hopkins, and to allow the holders of the notes in question, of which Williams & Hopkins were joint makers, to prove their claims against it. Until they are fully paid there can be no participation therein of those persons who are creditors of the bankrupt estate, but not of Williams & Hopkins.

Reversed.