PATTEN v. HILL COUNTY et al.    (No. 493.)

Court of Civil Appeals of Texas. Waco.
May 26, 1927.

Rehearing Denied Sept. 8, 1927.

1. Bankruptcy ⬳295—District court had jurisdiction to determine defense of set-off based on judgment against bankrupt (Bankruptcy Act, §§ 23, 68 [11 USCA §§ 46, 108]).

Under Bankruptcy Act, § 23 (11 USCA § 46), providing that trustee suing adverse claimants shall sue only in courts where bankrupt might have brought or prosecuted them, unless by consent of defendant, district court of county owing bankrupt money on road contract had jurisdiction, under section 68 (11 USCA § 108), to determine county's defense of set-off based on judgment against bankrupt.

2. Bankruptcy ⬳154—Bankrupt's debtor may set off debt owed him by bankrupt if provable under act, even if it has not been proved and time allowed for proving has expired (Bankruptcy Act, § 68 [11 USCA § 108]).

Under Bankruptcy Act, § 68 (11 USCA § 108), where trustee in bankruptcy sues bankrupt's debtor in action of debt, defendant may set off debt owed him by bankrupt if provable under act, although it has not been proved and time allowed for proving claims has expired.

3. Judgment ⬳883(12)—County not assenting to partnership's assignment of claim against it to one partner held entitled to set off judgment for tort against partner and partnership (Rev. St. 1925, arts. 569, 570; Bankruptcy Act, §§ 68, 70a, subd. 6, and § 47a, subd. 2, as amended by Act June 25, 1910, § 8 [11 USCA §§ 75, 108, 110]).

In absence of showing that county assented to or knowingly acquiesced in partnership's assignment of claim against county and all partnership assets to one partner, on dissolution of partnership which occurred nearly year before partner in question was adjudged bankrupt, county, under Rev. St. arts. 569, 570, Bankruptcy Act, § 47a, subd. 2, as amended by Act June 25, 1910, § 8 (11 USCA § 75), and sections 68, 70a, subd. 6 (11 USCA §§ 108, 110), could offset joint and several judgment in its favor based on tort through partner's conversion of bonds, although such judgment was also against partnership on theory that partner was acting for firm in transaction.

4. Bankruptcy ⬳154—Right of bankrupt's debtor to offset judgment against bankrupt held not impaired by filing petition in bankruptcy (Bankruptcy Act, § 70a, subd. 6 [11 USCA § 110]).

Under Bankruptcy Act, § 70a, subd. 6 (11 USCA § 110), trustee in bankruptcy is vested by operation of law with bankrupt's right of action on contract with third party, subject to all valid claims and equities in favor of debtor, whose right to offset judgment against claim of bankrupt is not impaired by filing petition in bankruptcy.

5. Bankruptcy ⬳155—Amendment to Bankruptcy Act held not to limit general rule that trustee in bankruptcy takes subject to equities (Bankruptcy Act, § 47a, subd. 2, as amended by Act June 25, 1910, § 8 [11 USCA § 75]).

Bankruptcy Act, § 47a, subd. 2, as amended by Act June 25, 1910, § 8 (11 USCA § 75), may not be invoked to deprive creditor of bankrupt of equities existing in his favor at time of bankruptcy, and should not be construed to limit general rule that trustee takes bankrupt estate subject to all valid claims and equities in favor of third persons.

6. Bankruptcy ⬳155—Any defense legal or equitable, good against bankrupt's claim, may be raised against trustee regardless of statute (Bankruptcy Act, § 70a, subd. 6, and § 47a, subd. 2, as amended by Act June 25, 1910, § 8 [11 USCA §§ 75, 110]).

Regardless of Bankruptcy Act, § 47a, subd. 2, as amended by Act June 25, 1910, § 8 (11 USCA, § 75), any defense, legal or equitable, which might have been raised against bankrupt's claim may be raised against trustee in bankruptcy, under section 70a, subd. 6 (11 USCA § 110).

7. Bankruptcy ⬳154—Provisions of Bankruptcy Act authorizing set-offs held to authorize court to determine right thereto according to legal and equitable principles (Bankruptcy Act, § 68a [11 USCA § 108]).

Provisions of Bankruptcy Act, § 68a (11 USCA § 108), authorizing set-offs, were not intended to enlarge or limit right thereto, but were intended to authorize court in which such right is invoked to determine it according to established legal and equitable principles regulating such right.

8. Torts ⬳22—Two or more persons responsible for commission of tort are jointly and severally liable.

Two or more persons responsible for commission of tort are jointly and severally liable for all damages resulting therefrom.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Partnership ⬤⟹219(2)—Judgment for conversion of bonds by partner acting for partnership held properly rendered against partners, partnership, and their surety jointly and severally.**

In county's action against partner, copartner, partnership, and surety for conversion of bonds in which first partner acted for partnership, and in which surety company's representative participated in handling of bonds, judgment in favor of county was properly rendered against all defendants jointly and against each severally.

**10. Judgment ⬤⟹883(12)—Joint and several judgment may be set off against separate demand of one of judgment debtors.**

A joint and several judgment may be set off against the separate demand of one of the judgment debtors.

**11. Bankruptcy ⬤⟹154, 309, 315(1)—Judgment for tort held to constitute provable claim in bankruptcy capable of off-set against claim of bankrupt partner (Bankruptcy Act, § 63a, subd. 1, and § 68a [11 USCA §§ 103, 108]).**

Under Bankruptcy Act, § 63a, subd. 1, being 11 USCA § 103, although right of action against partners, partnership, and surety company for conversion of bonds originated in tort, joint and several judgment for plaintiff was provable claim in bankruptcy proceedings against partner and could be offset against claim of such partner's bankrupt estate, under section 68a (11 USCA § 108).

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by Harry R. Clark against Hill County, Nathan Patten, trustee in bankruptcy of W. S. Bibb, Jr., who filed a petition of intervention, and others to recover moneys due him as a subcontractor consolidated and tried with various other suits. From the judgment below, Nathan Patten, trustee in bankruptcy, appeals. Affirmed.

See, also, 254 S. W. 241, 267 S. W. 265.

S. E. Stratton and J. W. Spivey, both of Waco, for appellant.

F. M. Fitzpatrick and Sleeper, Boynton & Kendall, all of Waco, and John Abney, of Hillsboro, for appellees.

GALLAGHER, C. J. This appeal is prosecuted by Nathan Patten, trustee of the bankrupt estate of W. S. Bibb, Jr., from a judgment of the district court of Hill county denying him a recovery against Hill county and road district No. 7 thereof for an alleged balance of $7,620.62, which he claimed was due to the bankrupt as an unpaid balance on a road building contract. Hill county, on November 22, 1920, entered into a contract with Bibb & Hughes, a partnership composed of W. S. Bibb, Jr., the bankrupt herein, and Joe D. Hughes, for the improvement of a certain road in road district No. 7 of said county. The American Surety Company, one of the

appellees herein, was the sole surety on their bond as such contractors. Said contract was executed in whole or in part, and the county and the road district for which it acted in making the same became liable under the terms thereof for the compensation promised therein, which, on October 12, 1922, apparently after discharging all lawful claims of laborers and materialmen, amounted to the net sum of $7,620.62, the same being the moneys in controversy in this suit.

Hill county for itself and for certain of its road districts, including road district No. 7, on April 29, 1921, filed a suit against W. S. Bibb, Jr., Joe D. Hughes, and the American Surety Company for damages for the conversion of certain road bonds, among which were bonds of said road district No. 7 of the face value of $242,000. Said suit was transferred to Ellis county. On January 9, 1922, judgment was rendered therein that Hill county recover of and from W. S. Bibb, Jr., Joe D. Hughes, the firm of Bibb & Hughes, and the American Surety Company, jointly and severally, for the use of said several road districts the sum of $461,437.52. Certain sums of money on deposit in certain banks, parties defendant in said suit, were ordered applied to the satisfaction of said judgment. After the application of said deposits, the pro rata part of said judgment belonging to said road district No. 7 and remaining unpaid on said date of October 22, 1922, was $54,249.14. Said judgment was for damages for tort and expressly denied a recovery on the contractual obligations sued on in said cause. The recitals therein show that said bonds were delivered to W. S. Bibb, Jr., in person under a verbal agreement between him and the commissioners' court of Hill county that he would sell the same and account for the proceeds, and that he did personally sell the same and receive the proceeds of such sale. Hughes was not a party to such agreement and was not shown to have participated in such transaction. The judgment against him and the partnership, according to the recitals in said judgment, was based on findings by the jury that said transaction by Bibb with the commissioners' court was within the ordinary scope of the business of said firm, and that he was acting for the firm therein. Neither Bibb nor Hughes appealed from said judgment, but the American Surety Company did appeal. See American Surety Co. v. Hill County (Tex. Civ. App.) 254 S. W. 241 et seq.; Id. (Tex. Com. App.) 267 S. W. 265 et seq. Said judgment was affirmed on appeal, and after applying said bank deposits as a credit thereon and after deducting the $7,620.62 in controversy in this suit, which sum was also credited thereon as hereinafter shown, the balance due thereon was paid in full by the surety company on October 5, 1925.

The firm of Bibb & Hughes was dissolved

by mutual consent on December 3, 1921. The dissolution agreement was in writing. It recited a consideration of $15,000, evidenced by note executed by Bibb and payable to said Hughes and due four months after date. It by its terms conveyed to Bibb "all of the property of every kind, character, nature, and description owned by the said firm of Bibb & Hughes," and said Bibb therein agreed to assume and pay all accounts and notes owing by said firm to any person or persons whomsoever. Said Hughes therein, in consideration of the premises assigned to Bibb all his right, title, interest, and claim in and to any accounts then or thereafter to become due and payable to the firm of Bibb & Hughes.

Certain creditors of Bibb & Hughes, on September 20, 1922, filed in the District Court of the United States for the Western District of Texas at Waco a petition containing the necessary averments, and praying that the firm of Bibb & Hughes and the members thereof individually be adjudged bankrupts. On November 24, 1922, said W. S. Bibb, Jr., individually was adjudged a bankrupt, and later, on February 28, 1923, Joe D. Hughes and the firm of Bibb & Hughes were adjudged not to be bankrupts. Bibb on December 12, 1922, filed his schedules of assets and liabilities. He listed debts which he classed as individual, amounting to $22,314, and debts which he classed as firm obligations in the sum of $364,468. He included in his list of firm debts the judgment recovered by Hill county on January 9, 1922, as hereinbefore set out. These schedules are not copied in the statement of facts, and it is impossible from the excerpts therefrom so copied to make an accurate statement of the assets listed. It is sufficient to say that the bankrupt listed a comparatively small amount of property presumably classed by him as individual. In addition thereto, he listed claims against Hill county and road material stated to be in possession of said county, amounting to approximately $110,000, which he classed as firm assets, and in which he claimed only a half interest. All these claims were denied and defeated by Hill county in other and separate suits except the several sums adjudged to creditors in this suit, amounting to $20,723.11, and the sum of $7,620.62 adjudged to Hill county as a set-off herein. The total claims proved as individual debts of the bankrupt amounted to $15,007.69, and the total claims proved as debts of the firm of Bibb & Hughes amounted to $98,685.24. After deducting all claims paid by the trustee or settled by moneys adjudged to creditors in this suit, there remained unpaid after entry of the judgment herein claims classed as individual, amounting to $9,964.29, and claims classed as firm debts, amounting to $77,378.71. The trustee had in his hands at that time in cash approximately $4,600.

The evidence does not show when the work under the contract of November 22, 1920, hereinbefore referred to, was performed. More than a year had elapsed after the date of said contract when the firm of Bibb & Hughes was dissolved. The commissioners' court of Hill county, on October 12, 1922, entered an order declaring that the claim of Bibb & Hughes for the amount earned by them under said contract came on for consideration on that day, and that said claim in the sum of $7,620.62, the same being for retainage under said contract, had been duly approved by the engineer, and directing that the same be applied as a credit on the judgment recovered by it against W. S. Bibb, Jr., et al., in said suit in Ellis county as hereinbefore set out, and that said amount be charged against the interest of road district No. 7 in said judgment.

This suit was filed on July ———, 1923, by Harry R. Clark against Hill county, its several road districts, and others, including the American Surety Company, to recover certain moneys which he alleged were due him as a subcontractor under Bibb & Hughes for work done for and material furnished to Hill county on its said roads. Hill county made appellant, as trustee of the estate of W. S. Bibb, Jr., bankrupt, a party to the suit. He answered therein and also filed a petition of intervention, asking affirmative relief. Various other similar suits were filed by divers and sundry parties, and all said suits were finally consolidated and tried together. A more detailed statement with reference to the parties thereto and the issues involved therein cannot be given because none of the pleadings therein are copied in this transcript. The judgment of the court shows that the case came on for hearing on the 26th of July, 1926; that all the parties to the suit agreed that Hill county should pay into the registry of the court the sum of $20,723.11 in full of all its obligations on the several claims set up by the plaintiffs and interveners except the said sum of $7,620.62 involved in this appeal, which sum was not claimed by any of the parties to the suit except appellant Patten; that the said sum so paid into the registry of the court be disbursed by the clerk to the several parties named in said agreement in the amounts allotted to each, respectively; that judgment was entered in accordance with said agreement and said sum paid into the registry of the court by Hill county so disbursed by the clerk. Said judgment declared that the same disposed of all the parties and issues involved in this suit except the claim of appellant Patten, as trustee in bankruptcy, against Hill county, its road districts, and the American Surety Company for said sum of $7,620.62, and that the cause was held open for adjudication of that issue between said parties and for that purpose alone. It was further adjudged therein that neither Joe D. Hughes nor Morris D. Meyer, trustee in bankruptcy of the estates of Joe

D. Hughes and Bibb & Hughes, had any right to or interest in any of the funds involved in said suit.

Appellant Patten and appellees Hill county, for itself and for road district No. 7, and the American Surety Company all filed amended pleadings, which are the only pleadings found in the transcript. Appellant in his amended pleading claimed the debt sued for as the individual property of the bankrupt, and further contended that the judgment upon which Hill county attempted to apply the same as a credit was a firm debt and could not be set off against such individual debt. Appellee Hill county pleaded the facts upon which it based its suit for conversion, the judgment so recovered by it therein, its action in applying the debt sued for as a credit on said judgment, and claimed that the judgment was a proper set-off to said debt. The court rendered judgment for appellees and that judgment is before us for review.

### Opinion.

[1] Appellant, while admitting that the district court of Hill county had jurisdiction to hear and determine his suit to recover the sum sued for, contends that it had no jurisdiction to hear and determine the defense of setoff interposed by the county, but that jurisdiction to determine such defensive issue was vested solely in the bankruptcy court. Section 68 of the Bankruptcy Act (11 USCA § 108) provides that in all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated, and one debt shall be set off against the other, and the balance only shall be allowed or paid. Section 23 of said act (11 USCA § 46) deals with suits by the trustee against adverse claimants and subdivision (b) of said section provides that such suits shall be brought or prosecuted by the trustee only in the courts where the bankrupt might have brought or prosecuted them if bankruptcy had not intervened, unless by consent of the defendant. Appellant under this section was compelled to resort to the district court of Hill county to assert his right to the fund sued for and to seek a recovery of the same. His right to recover depended under the facts of the case solely on whether the county was entitled to the right of set-off claimed by it. The county could not be compelled to litigate this issue in any other forum except by its own consent.

[2] Where a debtor of the bankrupt is sued by the trustee in an action of debt, the defendant has a right to plead in offset a debt owed by the bankrupt to him if such debt is provable under the act, notwithstanding it has not been so proved and the time allowed for proving claims has expired. Norfolk & W. Ry. Co. v. Graham (C. C. A.) 145 F. 809, 812. In the following cases the right to offset was determined in the trustee's suit

seeking recovery against the party claiming such right: Continental & Commercial Trust & Savings Bank v. Chicago Title & Trust Co., 229 U. S. 435, 33 S. Ct. 829, 57 L. Ed. 1268; Toof v. City Nat. Bank of Paducah, Ky. (C. C. A.) 206 F. 250, 252; Wilson v. Citizens' Trust Co. (D. C.) 233 F. 697. See, also, Gordon-Jones Const. Co. v. Welder (Tex. Civ. App.) 201 S. W. 681, 684 (writ refused).

[3] Appellant contends that said judgment in favor of Hill county was a partnership debt; that the balance due on the road contract here sued for belonged, by virtue of the dissolution of the partnership and the purchase of the assets thereof by Bibb, to him individually; that said debts were, therefore, not mutual nor subject to be offset. The facts in this case are numerous and complicated. Our attempt to give a brief summary thereof in the opening statement has extended the same to unusual length. The firm of Bibb & Hughes was dissolved and all the assets thereof transferred to Bibb as his individual property, and he at that time assumed all notes and accounts owed by the firm and promised to pay the same. Hill county was not a party to that transaction. The record fails to show that it assented to the same or knowingly acquiesced therein. If it was charged with constructive notice of the filing of the petition in bankruptcy at the time it appropriated, as a credit on its judgment against them, the sum in controversy owed by it to Bibb & Hughes, such petition did not disclose that the firm had been dissolved and that Bibb had purchased its assets and assumed its principal liabilities. On the contrary, such petition alleged that Bibb & Hughes were partners and doing business in the firm name of Bibb & Hughes, and prayed that both the firm and the individual members thereof be adjudged bankrupts. For aught that appears to the contrary, the moneys involved in this suit may have been fully earned at the time the partnership was dissolved and Hughes assigned his interest in the assets of the firm to Bibb. Bibb seems to have been in some doubt as to the effect of this assignment. In his schedules he classed the moneys sued for as partnership assets and claimed only a half interest therein. While appellant pleaded facts tending to show grounds for equitable estoppel against the county to claim a right of offset, he wholly failed to prove any of such allegations. Had Bibb & Hughes assigned the balance due on this contract to a stranger, the county's right to offset under the facts shown in this case would not have been in any way affected by such assignment. Such right is statutory and supported by numerous authorities. R. S. 1925, arts. 569, 570; National Oil & Pipe Line Co. v. Teel, 95 Tex. 586, 592, 593, 68 S. W. 979; McManus v. Cash & Luckel, 101 Tex. 261, 267, 268, 108 S. W. 800; American Ry. Exp. Co. v. Voelkel (Tex. Com.

App.) 252. S. W. 486, 488; First National Bank v. Smith (Tex. Civ. App.) 160 S. W. 311, 313. Bibb took no greater rights under the assignment made to him by Hughes than a stranger would have taken under an assignment from both of them.

[4] The right of Hill county to offset its judgment pro tanto against any claim for the money sued for was not impaired by the filing of the petition in bankruptcy, no question of unlawful preference being involved. The county could have waited until the filing of appellant's suit to recover the fund in controversy and could have then asserted such right of offset as a defense. Norfolk & W. Ry. Co. v. Graham, supra. Appellant was vested by operation of law with the bankrupt's right of action on the contract under which the money sued for herein became payable under the express provisions of subdivision 6 of section 70a of the Bankruptcy Act (11 USCA § 110), but he was so vested, not as an innocent purchaser, but subject to all valid claims and equities in favor of the debtor, Hill county. 2 Collier on Bankruptcy (13th Ed.) 1643, and authorities cited in note 50.

[5] While the early authorities on this question may be considered as modified to a certain extent by the amendment in 1910 of section 47a, subd. 2, Bankruptcy Act (11 USCA § 75), such amendment may not be invoked to deprive a creditor of the bankrupt of equities existing in his favor at the time of the bankruptcy, and should not be construed to limit the general rule that a trustee takes the bankrupt estate subject to all valid claims and equities in favor of third persons. 2 Collier on Bankruptcy (13th Ed.) 1647; Zartman v. First Nat. Bank of Waterloo, 216 U. S. 134, 30 S. Ct. 368–370, 54 L. Ed. 418; Thompson v. Fairbanks, 196 U. S. 516, 25 S. Ct. 308, 310, 49 L. Ed. 577; In re Creech Bros. Lumber Co. (C. C. A.) 240 F. 8, 17; In re Shelly (C. C. A.) 242 F. 251, 253, 254; Marcus Shipping Ass'n v. Barnes, 169 Iowa, 377, 151 N. W. 525 et seq.

[6, 7] So where a right of action passes to the trustee, any defense, legal or equitable, which might have been raised against the bankrupt's claim may be raised against the trustee. 2 Collier on Bankruptcy (13th Ed.) 1722; Jenkins v. Pierce, 98 Ill. 646; Marcus Shipping Ass'n v. Barnes, supra. The provisions of section 68a of the Bankruptcy Act, authorizing set-offs, were not intended either to enlarge or limit the right thereto, but were intended to authorize the court in which such right is invoked to determine the same according to established legal and equitable principles regulating such right. Cumberland Glass Mfg. Co. v. De Witt, 237 U. S. 447, 35 S. Ct. 636, 639, 59 L. Ed. 1042.

[8] The tort committed by the conversion of the road bonds was committed by Bibb personally. The contract under which he received the road bonds from the county was in his name alone. The American Surety Company gave a bond to secure his faithful performance of that contract, and its representative participated with him in handling said bonds. Neither Hughes nor the firm, as such, was a party to said transaction, and there is no contention that Hughes personally participated therein. The judgment against him and the firm was based on a finding that Bibb was acting for the firm in said transaction. The recovery awarded in said judgment was strictly for tort and not on contract, express or implied, and was by the express terms thereof both joint and several. Two or more persons responsible for the commission of a tort are jointly as well as severally liable for all the damages resulting therefrom. Moore v. Koplin (Tex. Civ. App.) 135 S. W. 1033, 1037, 1038 (writ refused); Farmers' Gin & Milling Co. v. Jones (Tex. Civ. App.) 147 S. W. 668, 670 (writ refused); Anderson v. Smith (Tex. Civ. App.) 231 S. W. 142, 144 (writ refused).

[9, 10] Under the practice in this state, said judgment in favor of Hill county was properly rendered against all the defendants therein jointly and against each severally. Neither Bibb, who personally committed the tort by converting the bonds, nor his trustee in bankruptcy is in any position to complain of such judgment, nor to deny the several liability of Bibb or his estate thereunder. A joint and several judgment may in this state be set off against the separate demand of one of the judgment debtors. Rust v. Burke, 57 Tex. 341, 343, and authorities there cited; Fleming v. Stansell (Tex. Civ. App.) 36 S. W. 504, 505 (writ refused).

[11] Notwithstanding the right of action originated in tort, the damages suffered therefrom having been ascertained and reduced to judgment, such judgment constituted a provable claim in bankruptcy proceedings, under the express provisions of section 63a, subd. (1) of the Act of Bankruptcy (11 USCA § 103). Said act contemplates a separation of the partnership assets from the assets of each of the individual partners and the application primarily of each class of assets to debts of the same class. Certain classes of claims, though primarily partnership debts, are also enforceable against one or more members of the partnership when such members have become parties thereto in an individual capacity. On this ground it was held by the Circuit Court of Appeals for the Third Circuit that the holder of a joint and several obligation of the members of a partnership, signed in their individual names but uttered in connection with a partnership transaction, was entitled to prove such obligation as a claim against both the partnership estate and the individual estates of the respective partners. Robinson v. Seaboard Nat. Bank of New York (C. C. A.) 247 F. 667, 10 A. L. R. 842; Id., pages 1007, 1008. The Supreme Court denied a petition for certiorari in said

case, 248 U. S. 567, 39 S. Ct. 9, 63 L. Ed. 425. See, also, In re W. S. Kuhn & Co. (D. C.) 241 F. 935; In re McCoy (C. C. A.) 150 F. 106; Bank of Reidsville v. Burton (C. C. A.) 259 F. 218; Buckingham v. First Nat. Bank of Chicago (C. C. A.) 131 F. 192. The right to prove such claims against both estates necessarily involves the right to participate in the dividends declared in the administration of both of the same. Robinson v. Seaboard Nat. Bank, supra (C. C. A.) 247 F. 1007, 1008, 10 L. R. A. 842. We think these authorities are also applicable in cases of joint and several judgments in tort and furnish the rule by which the issues in this case should be determined. No issue of dual proof or dual participation is involved herein. The dissolution of the firm of Bibb & Hughes occurred nearly a year before Bibb was adjudged a bankrupt. By the very terms of the dissolution all the partnership assets passed to and became the individual assets of Bibb. The validity of said transaction has never been attacked. That it was effective to convert the partnership assets into the individual assets of Bibb is asserted by appellant and conceded by appellees in this case. By this transaction the individual assets of Bibb were increased by the total amount of the firm assets. From and after said date of dissolution there were no longer any firm assets out of which firm debts could be satisfied. Firm creditors were thereafter compelled to look to one or the other of the partners individually for satisfaction of their claims. While the bankruptcy court refused to adjudicate Hughes and the firm bankrupt on the petition upon which Bibb was adjudged bankrupt, the judgment of the trial court in this case discloses that such an adjudication was subsequently made, because both Hughes and said firm, together with their trustee in bankruptcy, were parties to this suit and disposed of in said judgment. Hill county did not prove its judgment as a claim against the bankrupt estate of either of the partners, but relied on its appropriation of the moneys sued for in this cause as a credit pro tanto thereon. Aside from the statutory right of set-off above discussed, there was certainly nothing inequitable as against the individual creditors of Bibb in applying these moneys, which were originally partnership property, to the payment of the county's judgment, which was a joint demand against the partnership and also a several demand against Bibb. Since said judgment was a several demand against Bibb, irrespective of equities, the county had a right to prove it against his individual estate and to participate in any dividends declared thereon or to offset the same against plaintiff's demand. We think the action of the trial court in permitting such offset was proper.

The judgment of the trial court is affirmed.