STANDARD OIL CO. OF LOUISIANA *v.* APEX OIL
CORPORATION *et al.*

(*Nashville,* December Term, 1949.)

Opinion filed April 29, 1950.

ARMISTEAD, WALLER, DAVIS & LANSDEN, of Nashville, for Ledyard.

NORVELL & MINICK, of Nashville, for Thomas H. Temple Co.

FUQUA, CHESHIRE & DODSON, and J. ROSS CHESHIRE, JR., of Nashville, for Superior Corporation.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This cause was before this Court in the case of *Dale* v. *Thomas H. Temple Co. et al.*, 186 Tenn. 69, 208 S. W. (2d) 344, wherein the receiver obtained a judgment in the sum of $237,977.66 against the Potters, the Caldwells and the Caldwell Corporations. From this and other funds, all creditors of Apex Oil Corporation were paid in full, and all expenses of the receivership, including the fees of the solicitors for the receivers, were paid. By decree entered April 9, 1948, the Chancellor found that funds would be available for distribution to perferred stockholders, but not to common stockholders, and ordered the receiver to notify said preferred stockholders to file their claims.

The present controversy is between the preferred stockholders only. It seems that the net amount to be distributed to the preferred stockholders will fall far short of reimbursing them on their investment.

On June 25, 1948, Q. R. Ledyard and others filed their petition in the present cause in which they contend that Thomas H. Temple Company and the Superior Corporation were parties to certain unlawful acts, as pointed out in the case of *Dale* v. *Thomas H. Temple Co. et al.*, *supra;* that by such unlawful acts the expenditure of $97,956.90 was made necessary by the receiver; and that had it not been for said parties and their unlawful acts in said cause, the above sum would have been available for distribution among the preferred stockholders and would have been added to the approximately $80,000.00 now to be divided among the preferred stockholders.

In the present cause, the Chancellor held that the entire liability of defendants was adjudicated in the case of *Dale* v. *Thomas H. Temple Co. et al.*, *supra*, growing out of the conspiracy, and the decree of the court was satisfied by the payment of the amount declared to be due.

Counsel have stated that we have no case in Tennessee in point, but petitioners contend that it would be inequitable to allow defendants to share equally in the fund to be distributed when their own unlawful acts brought about the expenditure of a sum of money in excess of $97,000.00.

It is recognized that expenses duly authorized and properly incurred by a receiver are payable from the funds of the estate. Thompson on Corporations (3rd ed.), Vol. 8, Section 6392; Fletcher on Corporations (Perm. ed.), Vol. 16, Section 7918.

In making distributions to stockholders in corporate liquidation, no stockholder may acquire or gain a priority over another. Thompson on Corporations (3rd ed.), Vol. 8, Section 6543; *Marr* v. *Bank of West Tennessee*, 44 Tenn. 471.

In this State the rule of division of surplus remaining after payment of debts is statutory. Williams' Code provides: "10365. Receiver.—In such cases the court may appoint a receiver, take an account of the affairs of the corporation, and apply the property and effects to the payment of debts pro rata, and divide the surplus, if any, among the stockholders."

Stockholders have equal rights in the distribution of assets, subject, of course, to the right of set-off where a stockholder is indebted to the corporation. Fletcher on Corporations (Perm. ed.), Vol. 16, Section 8224;

*Marcus Shipping Ass'n.* v. *Barnes,* 169 Iowa 377, 151 N. W. 525; *Avery* v. *Central Bank of Kansas City,* 221 Mo. 71, 119 S. W. 1106.

Participation in the wrong to the corporation will not deprive a stockholder of his interest in the cause of action belonging to the corporation as an entity. *Avery* v. *Central Bank of Kansas City, supra;* Morawetz on Private Corporations (2d ed.), Vol. 1, Sections 262-265.

Furthermore, any wrongs that the defendants may have been guilty of were adjudicated and settled in *Dale* v. *Thomas H. Temple Co. et al., supra.*

An analysis and distinction of the several authorities relied upon by petitioners would serve no useful purpose here. The principal cases relied upon involve trust estates. One of the cases relied upon by defendants is *Home for Destitute Crippled Children* v. *Boomer,* 320 Ill. App. 541, 51 N. E. (2d) 830. In that case the Illinois Appellate Court held that in accordance with the express provisions of the trust instrument the extraordinary expenses should be charged to income, rather than to principal expenses, as is the general rule in that State.

As before stated, the distribution of a surplus fund in the hands of a receiver of a corporation, after the payment of debts and expenses, is statutory. Williams' Code, Section 10365. While this statute does not use the word "equally," it does provide, "and divide the surplus, if any, among the stockholders." Giving these words their ordinary meaning, we think it was the intention of the Legislature that the surplus should be divided equally among the stockholders.

The decree of the Chancellor is affirmed.

All concur.